1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIET MIKE NGO, | ) | No. C 03-2210 JF |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | PLAINTIFF'S MOTION TO |
| vs. | ) | VACATE JUDGMENT; ORDER |
| | ) | REOPENING CASE; |
| J. WOODFORD, Warden, et al., | ) | INSTRUCTIONS TO CLERK |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket No. 14) |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. On June 1, 2007, the Court's Order addressed to Plaintiff was returned by mail to the Clerk of the Court as undeliverable because Plaintiff was "out to court as of 5/2/2007." On September 30, 2007, the Court dismissed the instant civil rights action without prejudice pursuant to Northern District Local Rule 3-11 for Plaintiff's failure to notify the Court of his current address. Plaintiff now has pro bono counsel appearing on his behalf. Plaintiff's counsel has filed a motion to vacate the judgment and reopen the instant case pursuant to Federal Rule of Civil Procedure 60(b). As set forth below, the Court will GRANT Plaintiff's motion to vacate the judgment and reopen the instant civil rights action.

///

**DISCUSSION**

Plaintiff moves the Court to vacate the judgment and reopen the instant case pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds for relief pursuant to (1) - (3), no later than one year after the judgment was entered.  See Fed. R. Civ. P. 60(b).  A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation, see id.; therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a Rule 60(b) motion.  Hook v. Arizona Dep't of Corrections, 107 F.3d 1397, 1404 (9th Cir. 1997).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 11 v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment.  Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge.  Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1099 (9th Cir. 2006) (denying reconsideration to a party who had settled and then discovered that her attorney had made legal errors in advising her to settle).

Under subparagraph (1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000).  Based upon these factors, the Court concludes that Plaintiff has shown good cause for his excusable neglect in his failure to update the Court

1  with his current address based upon his temporary stay in the Santa Clara County jail for his

2  pending state court proceedings.  See Pet.'s Decl. at 1-2.  Accordingly, Plaintiff's motion to

3  vacate the judgment (docket no. 15) is GRANTED.

4                                        **CONCLUSION**

5         Plaintiff's motion to vacate the judgment pursuant to Federal Rule of Civil Procedure

6  60(b) (docket no. 14) is GRANTED.  The judgment entered on September 30, 2007 is

7  VACATED.  The Clerk shall REOPEN the file.  The Court will review the instant complaint

8  pursuant to 28 U.S.C. § 1915A and issue a briefing schedule in a separate written order.

9         IT IS SO ORDERED.

10  DATED: __4/30/08_____

                                         JEREMY FOGEL
11                                       United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28