**E-filed 5/15/08**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIET MIKE NGO, | ) | No. C 03-2210 JF |
| | ) | |
| Plaintiff, | ) | ORDER SCREENING |
| | ) | COMPLAINT; SCHEDULING |
| vs. | ) | ORDER |
| | ) | |
| J. WOODFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants filed a waiver of reply and request for the Court to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. On June 1, 2007, the Court's Order addressed to Plaintiff was returned by mail to the Clerk of the Court as undeliverable because Plaintiff was "out to court as of 5/2/2007." On September 30, 2007, the Court dismissed the instant civil rights action without prejudice pursuant to Northern District Local Rule 3-11 for Plaintiff's failure to notify the Court of his current address. Plaintiff, represented by pro bono counsel, filed a motion to vacate the judgment and reopen the instant case pursuant to Federal Rule of Civil Procedure 60(b). The Court granted Plaintiff's motion to vacate the judgment and reopened the instant civil rights action in a separate written order.

1  The Court now screens the complaint pursuant to § 1915A and issues a scheduling order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Having reviewed the complaint, the Court finds that Plaintiff's allegations, liberally construed, state the following cognizable claims: (1) a violation of Plaintiff's right to due process under the Fourteenth Amendment (claim I); (2) a violation of Plaintiff's right to redress his grievances based upon retaliation under the First Amendment (claim II); and (3) a violation of Plaintiff's constitutional right to access the courts (claims III, IV).

**C.     Scheduling Order**

Now that plaintiff is represented by counsel, the parties are ordered to appear at a case management conference on June 27, 2008 at 10:30 a.m. The parties shall submit a case management conference statement no later than ten days prior to the conference, pursuant to the Court's local rules.

IT IS SO ORDERED.

DATED: 5/15/08

JEREMY FOGEL
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Screening Complaint; Scheduling Order
P:\pro-se\sj.jf\cr.03\Ngo210sched        3